

December 7, 2015

**VIA ELECTRONIC FILING**
Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:   *Robert Bowen v. Baldwin Union Free School District, et al.*
              U.S.D.C., E.D.N.Y. 15-CV-06829 (JMA)(GRB)
              Our File No.:  5001.405

Dear Judge Azrack,

      We represent the respondents, Baldwin Union Free School District and the Board of Education of the Baldwin Union Free School District (hereinafter collectively referred to as "the District"), in the above-referenced matter.  Pursuant to your Honor's Individual Rules of Practice, we are writing to respectfully request a pre-motion conference and permission to move to dismiss the Verified Petition pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

      By way of background, the petitioner was hired by the District as a Network Specialist effective February, 2002.  He was then appointed to Information Technology Assistant Manager effective April, 2004.  Thereafter, the petitioner was appointed as Information Technology Manager effective July 1, 2005.  The petitioner was employed in this capacity until his position of Information Technology Manager was abolished effective July 2, 2015.

      On or about October 6, 2015 the petitioner filed a Notice of Claim against the District.  Then, on or about November 2, 2015 the petitioner commenced the instant action by filing a Notice of Petition and Verified Petition with the Supreme Court of the State of New York, Nassau County. [1]  According to the Verified Petition, the petitioner asserts causes of action for violations of New York Civil Service Law §§ 80 and 80-a, New York Labor Law §§ 198(1-a), and 652, violation of the Fair Labor Standards Act, violations of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983, and violations of Article 5 Section 6 of the New York State Constitution.  Specifically, the petitioner alleges that his position was improperly abolished in retaliation for refusing to facilitate the termination of a black employee and for

---

[1] Although the action was commenced by way of the filing of a purported Petition pursuant to Article 78 of the New York Civil Practice Law and Rules and the parties are referred to as "petitioner" and "respondents", a review of the allegations in the Verified Petition demonstrate that the claims would more properly have been brought as plenary action.  Accordingly, the respondents request that it be converted to such and that the motion to dismiss be considered in such context.

threatening to make a complaint to the Department of Labor regarding unpaid wages, and that he was denied overtime compensation to which he was entitled.  The petitioner seeks a declaration that the District's actions were unlawful and in violation of the enumerated laws and regulations, an order enjoining the District from engaging in the unlawful practices, reinstatement with back pay and benefits, unpaid overtime wages and liquidated damages on such wages, compensatory damages, and attorneys' fees and costs.  As the Verified Petition appears to be alleging causes of action more properly reserved for a plenary civil action and because it asserts a Fourteenth Amendment due process claim, the District removed the case to this Court.

The petitioner's claims are subject to dismissal on several grounds.  As an initial matter, the petitioner's claims brought under the New York Civil Service Law, New York Labor Law, and the New York State Constitution must be dismissed because the petitioner has not appeared for an examination pursuant to General Municipal Law § 50-h despite being served with written demand for such examination.  Matter of Pelekanos v. City of New York, 264 A.D.2d 446 (2d Dep't 1999); Patterson v. Ford, 225 A.D.2d 373 (2d Dep't 1998); Scalzo v. County of Suffolk, 306 A.D.2d 397 (2d Dep't 2003).  In addition, it appears that the petitioner failed to file a notice of claim within ninety days of the accrual of certain causes of action, which is fatal to such claims.  Furthermore, it appears that most, if not all, of the alleged unpaid overtime work was performed more than one year prior to the commencement of this action, and thus, the state law claims based on such work are barred by the statute of limitations set forth in New York Education Law § 3813(2-b).

Additionally, New York Labor Law § 652 sets forth the minimum wage standards; it does not address the requirements for overtime payment.  New York Labor Law § 198(1-a) sets forth the costs and remedies available and the Commissioner's right to collect underpaid wages on the employee's behalf, but it does not provide a separate private right of action for an employee alleging the underpayment of overtime wages.  Therefore, the petitioner's third and fourth causes of action for violation of New York Labor Law §§ 652 and 198(1-a) should be dismissed.

The petitioner's claim pursuant to the Fair Labor Standards Act ("FLSA") is also subject to dismissal.  In order to plead a plausible FLSA claim, a petitioner must "provide sufficient detail about the length and frequency of their unpaid work."  Nakahata v. New York–Presbyterian Healthcare System, Inc., 723 F.3d 192 (2d Cir.2013); Dejesus v. HF Management Services, LLC, 726 F.3d 85 (2d Cir.2013).  Here, the petitioner fails to plead sufficient detail regarding the length and frequency of his alleged unpaid work, and rather, he alleges only that he worked "emergency overtime," worked on the weekends, and was not paid overtime "at a rate one and one-half times the regular rate for hours worked in excess of forty (40) hours per week."  Accordingly, the petitioner fails to state a plausible FLSA claim.

The petitioner also fails to plead sufficient factual allegations to support plausible claims for violations of New York Civil Service Law §§ 80 and 80-a.  While the petitioner alleges in conclusory fashion that Mr. Faccilonga has almost identical duties to his prior duties, he does not set forth even example of the alleged similarities in duties.  Further undermining the petitioner's conclusory allegations is his admission that Mr. Faccilonga has a different job title and is not



serving in a competitive civil service position.  As the petitioner fails to plead anything other than bald conclusions of similarity in the compared positions, he fails to state plausible violations of §§ 80 and 80-a.

Finally, the petitioner's Fourteenth Amendment due process claim must also be dismissed.  The petitioner has not sufficiently pled that he was deprived of a protected property interest without due process.  As already discussed above, the petitioner has not sufficiently alleged that the abolishment was unlawful and in violation of the Civil Service Law, and therefore, he cannot allege that he was in fact terminated from employment or disciplined without a pre-termination hearing.  Furthermore, a public employee seeking to challenge termination of employment on the theory that he or she was not afforded a pre-termination hearing is required to request the hearing prior to the alleged termination.  Dwyer v. Regan, 777 F.2d 825 (2d Cir.1985).  The plaintiff does not plead that he made any such request.

For all the foregoing reasons, the District respectfully requests that the Court scheduled a pre-motion conference to address the proposed motion to dismiss.

We greatly appreciate the Court's time and attention to this matter.

Very truly yours,

SILVERMAN & ASSOCIATES

By:_____
Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

TO:   **VIA FACSIMILE AND FIRST CLASS MAIL**
Law Offices of Louis D. Stober, Jr., LLC
Attorneys for Petitioner

