UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT BOWEN,

                       Plaintiff,                      15-CV-06829 (JMA)(GRB)

      -   against  -

BALDWIN UNION FREE SCHOOL DISTRICT
and THE BOARD OF EDUCATION OF THE
BALDWIN UNION FREE SCHOOL DISTRICT,

                     Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Of Counsel: Lewis R. Silverman*
*Caroline B. Lineen*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT............................................................1

STANDARD OF FACTS..................................................................1

    Factual Background.................................................................1

    Procedural History.................................................................4

STANDARD OF REVIEW...............................................................5

ARGUMENT...............................................................................6

POINT I:     PLAINTIFF FAILS TO STATE PLAUSIBLE
           CLAIMS FOR VIOLATION OF THE FLSA............................6

    A.    Alleged Failure to Pay Overtime Wages.................................6

    B.    Retaliation...................................................................9

POINT II:    PLAINTIFF FAILS TO STATE A PLAUSIBLE
           FOURTEENTH AMENDMENT DUE
           PROCESS CLAIM..........................................................11

POINT III:   PLAINTIFF FAILS TO STATE A PLAUSIBLE
           CLAIM FOR MUNICIPAL LIABILITY UNDER
           § 1983......................................................................12

POINT IV:   THE STATE LAW CLAIMS MUST BE DISMISSED...............12

    A.    The Court Should Decline to Exercise Jurisdiction
         Over the State Law Claims...............................................12

    B.    Failure to File a Timely Notice of Claim................................13

    C.    Certain Claims are Barred by the Statute of Limitations.............14

    D.    Plaintiff Fails to State a Plausible Claim for
         Violation of Civil Service Law § 80.....................................14

    E.    Plaintiff Fails to State a Plausible Claim for
         Violation of New York Labor Law......................................15

**CONCLUSION**…………………………………………………………………………………………..**16**

## TABLE OF AUTHORITIES

Cases

Amorosi v. South Colonie Independent Cent. Sch. Dist.,
9 N.Y.3d 367 (2007) .................................................................................................... 14

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ...................................................................................................... 6

Baez v. New York,
629 Fed Appx. 116 (2d Cir. Nov. 2, 2015) ................................................................. 10

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 ................................................................................................................. 5

Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.,
127 F.Supp.2d 452 (E.D.N.Y. 2001) .......................................................................... 13

Brass v. Am. Film Tech., Inc.,
987 F.2d 142 (2d Cir. 1993) ......................................................................................... 6

Brtalik v. South Huntington Union Free Sch. Dist.,
2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010) ............................................................... 13

Burns v. Haven Manor Health Care Center LLC,
2015 WL 1034881 (E.D.N.Y. Mar. 10, 2015) ............................................................. 7

Cave v. East Meadow Union Free Sch. Dist.,
514 F.3d 240 (2d Cir. 2008) ....................................................................................... 13

Cushing v. Moore,
970 F.2d 1103 (2d Cir. 1992) ..................................................................................... 12

DeJesus v. HF Management Servs. LLC,
726 F.3d 85 (2d Cir. 2013) ...................................................................................... 7, 8

Dworkin v. City of New York,
1996 WL 673815 (S.D.N.Y. Nov. 20, 1996) .............................................................. 11

Dwyer v. Regan,
777 F.2d 825 (2d Cir.1985) ........................................................................................ 11

Gebhardt v. Allspect, Inc.,
96 F.Supp.2d 331 (S.D.N.Y. 2000) .............................................................................. 6

Hardy v. N.Y.C. Health and Hospital Corp.,
164 F.3d 789 (2d Cir. 1999) ....................................................................................... 13

Harris v. Mills,
572 F.3d 66 (2d Cir.2009) .......................................................................................... 11

Lauren v. Pokoik,
2005 WL 911429 (S.D.N.Y. Apr. 18, 2005) ............................................................... 10

Levy v. Alfano,
47 F.Supp.2d 488 (S.D.N.Y.1999) ............................................................................. 12

Lundy v. Catholic Health System of Long Island,
711 F.3d 106 (2d Cir. 2013) .................................................................................... 7, 8

McDermott v. New York State Office of Mental Health,
   195 A.D.2d 932 (3d Dept. 1993)................................................................. 15
Moore v. City of New York,
   2010 WL 742981 (S.D.N.Y. Mar. 2, 2010) ............................................. 13
Mullins v. City of New York,
   554 F.Supp.2d 483 (S.D.N.Y 2008)............................................................ 9
Nakahata v. New York-Presbyterian Healthcare Sys. Inc.,
   723 F.3d 192 (2d Cir. 2013)....................................................................... 7
Perkowski v. Stratford Bd. of Educ.,
   455 F.Supp.2d 91 (D. Conn. 2006) .......................................................... 11
Philippeaux v. Fashion Inst. of Tech.,
   104 F.3d 356 (2d Cir. Dec. 23, 1996) ......................................................... 9
Piekielniak v. Axelrod,
   92 A.D.2d 968 (3d Dept. 1983).................................................................. 15
Rivera v. City of Yonkers,
   470 F.Supp.2d 402 (S.D.N.Y. 2007)......................................................... 12
Santiago v. Newburgh Enlarged City Sch. Dist.,
   434 F.Supp.2d 193 (S.D.N.Y. 2006) .................................................... 13, 14
Shah v. Eclipsys Corp.,
   2010 WL 2710618 (E.D.N.Y. July 7, 2010) ............................................... 9
Slattery v. Swiss Reins. Am. Corp.,
   248 F.3d 87 (2d Cir. 2001)........................................................................ 10
Stoeztzel v. Wappingers Cent. Sch. Dist.,
   16 A.D.  (2d Dept. 1990)........................................................................... 13
Sundaram v. Brookhaven Nat'l. Labs,
   424 F.Supp.2d 545 (E.D.N.Y. 2006) ......................................................... 10
Tessler v. Paterson,
   451 Fed Appx 30 (2d Cir. Dec. 19, 2011)................................................. 11
Torres v. Gristedes Operating Corp.,
   628 F.Supp.2d  (S.D.N.Y. 2008) ................................................................. 9

Statutes

28 U.S.C. 1367.................................................................................................. 12
29 U.S.C. 215(a)(3)............................................................................................ 9
29 U.S.C. § 207(a)(1)......................................................................................... 6
42 U.S.C. § 1983........................................................................................... 1, 5
N.Y. Civ. Serv. L. § 198(1-a) .......................................................................... 16
N.Y. Civ. Serv. L. § 663 .................................................................................. 15
N.Y. Educ. Law 3813(1)............................................................................. 13, 14
N.Y. Educ. Law 3813(2-b) .............................................................................. 14

iv

New York Civil Service Law § 81 ............................................................................. 15
New York Civil Service Law §80 ....................................................................... 5, 14, 15
New York Labor Law § 215 ...................................................................................... 5, 10

Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure .................................................. 1

## PRELIMINARY STATEMENT

The defendants, Baldwin Union Free School District and the Board of Education of the

Baldwin Union Free School District (collectively referred to as "the District"), by and through

their attorneys, Silverman & Associates, respectfully submit this Memorandum of Law in

support of their motion to dismiss the plaintiff's Amended Complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  This case arises out of the plaintiff's disappointment

and apparent anger regarding the abolishment of his position with the District.  As is more fully

set forth below, the plaintiff's Amended Complaint should be dismissed because: (1) plaintiff

fails to state plausible claims under the Fair Labor Standards Act; (2) the plaintiff fails to state a

plausible Fourteenth Amendment procedural due process violation;  (3) the plaintiff fails to state

a plausible claim for liability against the District pursuant to 42 U.S.C. § 1983; (4) plaintiff failed

to file a timely Notice of Claim; (5) certain claims are barred by the applicable statute of

limitations; and (6) the plaintiff fails to state plausible claims for violations of the New York

Labor Law and New York Civil Service Law.

## STANDARD OF FACTS[1]

### Factual Background

The plaintiff, a Caucasian man, was initially hired by the District for the position of

Network Specialist in or about February, 2002.  In or about April, 2004, the plaintiff's position

was changed to Information Technology Manager.  See Exhibit "A", ¶¶ 8-9.  The Information

Technology Manager position is a competitive Civil Service position that requires a Civil

Service examination.  Id., ¶ 56.

---

[1] Unless otherwise noted, the facts are taken from the plaintiffs' Amended Complaint and assumed to be true for purposes of this motion only.

1

On or about September 9, 2014 the Superintendent of Schools, Dr. Shari Camhi ("Dr. Camhi"), met with the plaintiff to discuss the performance of subordinates in his department, the District's Technology Department.  During this meeting, the plaintiff advised Dr. Camhi of staffing issues in the Department and he also expressed concerns about the skill level of technicians, specifically referencing two technicians by name.  According to the plaintiff, when he identified Doreen Redman ("Redman") as one of these technicians, Dr. Camhi stated "is she the black one?"  The plaintiff further alleges that Dr. Camhi commented that Redman must be a resident of Baldwin and stated "we will have to be creative in finding a way to get rid of her…they like to sue."  See Exhibit "A" ¶¶ 10-16.  On September 12, 2014 the plaintiff met with Dr. Camhi again and expressed his feeling that the comments about Redman were inappropriate and said that he would not participate in finding creative ways to terminate Redman.  He claims that Dr. Camhi was upset and said "[she would] get done what needs to be done with or without [plaintiff's] cooperation."  Id., ¶¶ 18-20.

The plaintiff alleges that since expressing such concerns, he was berated, criticized, and scrutinized.  Specifically, he alleges that, on one occasion, he was interrogated by Dr. Camhi about the lack of staffing within the Department, accused of not having a plan for the Department, questioned about whether he had Attention Deficit Disorder, questioned about why a certain application was on the computers, and criticized about the District's website.  He further alleges that Dr. Camhi threatened to slap him and told him that he was "not going to make it" after he emphatically told her that he did not design the website.  Id., ¶¶ 21-27.  In addition, the plaintiff alleges that Dr. Camhi asked him about his parental responsibilities interfering with his work on one occasion when he took a half day to take his child to the doctor,

suggested that he resign, and told his colleagues that she would serve him with disciplinary charges. Id., ¶¶ 29-32.

Dr. Camhi engaged the Nassau Board of Cooperative Educational Services ("BOCES") to perform an audit of the Technology Department even though the plaintiff alleges that BOCES had performed an audit four months earlier and determined there were no anomalies in the Department. The plaintiff was not provided with the report of this audit. He alleges he was not allowed to respond to any of the issues that may have been identified in this report. See Exhibit "A", ¶¶ 32-33.

In or about September, 2014 Dr. Camhi issued a directive suspending all overtime work for the Department without prior permission even though, according to the plaintiff, overtime work was necessary. The plaintiff claims that Dr. Camhi expected him to work weekends without being compensated. He further alleges that Dr. Camhi undermined his authority by using BOCES technicians to assist with the backlog of work tickets facing the Technology Department and in instituting a policy that all technology issues be reported to her rather than through the helpdesk system but then withholding the information from the Department. Id., ¶¶ 36-39.

The plaintiff alleges that he complained to the Assistant Superintendent for Instruction, Dr. Cynthia Seniuk ("Dr. Seniuk") about the treatment by Dr. Camhi, but his concerns were not addressed. Id., ¶¶ 46-48. He also alleges that in or about approximately early June, 2015 he complained to Dr. Seniuk about the amount of time he spent working on the weekend and that he believed it was a violation of law not to be paid overtime for such work and advised that he may file a claim with the Department of Labor. Id., ¶ 50. The plaintiff alleges that he worked a total

of 266.60 hours of overtime for which he was not compensated despite notifying the District of having worked such hours. Id., ¶¶ 68-73.

On July 1, 2015 the Board of Education voted to abolish the plaintiff's position of Information Technology Manager. Id., ¶ 52. The Board of Education also voted to appoint Darren Faccilonga ("Faccilonga") to the position of Director of Technology and Technology Community Partnerships on July 1, 2015. Id., ¶ 53. In this capacity, Faccilonga is responsible for, among other things: leading the design, development, implementation, communication, and evaluation of technology infused strategic plans and partnerships; participating in advocacy networks to create a technology infrastructure and professional development and instructional programs necessary to support a digital-age education; supervising technology teachers and technology staff; ensuring technology standards for students and computer science coursework is implemented, assessed, and supported by a scope and sequence and curriculum alignments; locating and developing online instruction that supports curriculum standards and research based instruction; and working with educators to identify and implement technology resources to support differentiation and assessment practice that meet the needs of all students. See Exhibit "B" to Amended Complaint.

### Procedural History

On or about October 6, 2015 the plaintiff served a Notice of Claim on the District. See Exhibit "C". In response, the District, through its legal counsel, noticed an oral examination of the plaintiff pursuant to New York General Municipal Law § 50-h and New York Education Law § 3813 ("50-h examination") for November 13, 2015. The plaintiff did not appear for the examination on that date and instead requested an adjournment. The plaintiff then requested

4

several more adjournments and did not appear for his 50-h examination until February 25, 2016. See Exhibit "A", ¶ 67.

In the interim, on November 2, 2015 the plaintiff filed a Verified Petition ("Petition") in the Supreme Court of the State of New York, Nassau County. See Exhibit "B". As the plaintiff's Petition alleged due process and equal protection violations pursuant to 42 U.S.C. § 1983 ("§ 1983"), the District properly and timely removed the Petition to this Court on December 1, 2015. See Docket Entry # 1. By way of Order dated April 12, 2016, the Court granted plaintiff permission to file an Amended Complaint to address the deficiencies raised in the District's December 7, 2015 request for a pre-motion conference regarding an anticipated motion to dismiss.

On May 3, 2016 the plaintiff filed his Amended Complaint. According to the Amended Complaint, the plaintiff now asserts causes of action for violations of New York Civil Service Law §80, New York Labor Law § 663 and § 198(1-a), violation of the Fair Labor Standards Act ("FLSA"), violations of his Fourteenth Amendment due process rights pursuant to § 1983, and claims of retaliation in violation of the FLSA and New York Labor Law § 215. The District requested a pre-motion conference and permission to move to dismiss the Amended Complaint, but the Court ordered the parties to participate in a settlement conference and mediation before the filing of the motion to dismiss. The case having not been resolved through mediation, the instant motion is now timely.

**STANDARD OF REVIEW**

It is well-settled that a complaint will be dismissed under 12(b)(6) where it does not contain sufficient allegations of fact to state a clam for relief that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544. 570 (2007). "A claim has facial plausibility when the

5

plaintiff pleads factual content that allows the court to make a reasonable inference that the defendant is liable for the alleged misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) In deciding a dismissal on such grounds, the Court is required to accept the material facts alleged in the complaint as true, and to draw all reasonable inferences in the plaintiff's favor. Id. at 678-79. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Unsupported inferences, assumptions, and legal conclusions masquerading as factual conclusions will not be sufficient to prevent a motion to dismiss. Gebhardt v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## ARGUMENT

**POINT I:**     **PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS FOR VIOLATION OF THE FLSA**

### A.     Alleged Failure to Pay Overtime Wages

Plaintiff alleges that the District violated the FLSA in failing to pay him earned overtime wages.  The overtime provision of the FLSA provides that:

> no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).

As announced by the Second Circuit in Lundy v. Catholic Health System of Long Island, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."

6

Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 114 (2d Cir. 2013).  Therefore, to withstand a motion to dismiss, a plaintiff must plead sufficient facts to demonstrate that he or she worked compensable overtime over and above a forty hours in a given work week.  Id.; Nakahata v. New York-Presbyterian Healthcare Sys. Inc., 723 F.3d 192, 201 (2d Cir. 2013).

In Lundy, the Second Circuit affirmed the dismissal of plaintiffs' FLSA overtime claims because the plaintiffs failed to allege a work week in which they worked forty hours and then worked additional uncompensated time.  Lundy, 711 F.3d 114-15.  Shortly thereafter, the Second Circuit again affirmed the dismissal of FLSA overtime claims based on the plaintiffs' failure to plead sufficient facts to support such claims in Nakahata.  There, the plaintiffs only alleged that they were not compensated for overtime and failed to plead any allegations that they were scheduled to work and did work forty hours per work week before the alleged "overtime."  The Second Circuit held that this was not sufficiently specific.  Nakahata, 723 F.3d at 199-201. Following the rationale of Lundy and Nakahata, the Second Circuit in DeJesus v. HF Management Servs. LLC again affirmed the dismissal of a plaintiff's FLSA overtime claim because plaintiff pled, essentially, nothing more than the language of the statute when she alleged that in all or some weeks she worked more than forty hours without being paid one and half times her rate.  DeJesus v. HF Management Servs. LLC, 726 F.3d 85, 89 (2d Cir. 2013); see also Burns v. Haven Manor Health Care Center LLC, 2015 WL 1034881 at * 3-5 (E.D.N.Y. Mar. 10, 2015).

The plaintiff's Amended Complaint is devoid of sufficient facts to meet the standard followed by the Second Circuit.  In his initial pleading, the Petition, the plaintiff failed to plead sufficient detail regarding the length and frequency of his alleged unpaid work, and rather, only alleged that he worked "emergency overtime," worked on the weekends, and was not paid

7

overtime in conclusory fashion.  See Exhibit "B".  The District emphasized the insufficiency of such allegations in their December 7, 2015 pre-motion letter and the plaintiff was given the opportunity to amend and correct such deficiencies.  The plaintiff's Amended Complaint, however, is still devoid of sufficient factual allegations to support the claim.

In an effort to state a plausible violation of the FLSA, the plaintiff now includes a chart listing the alleged unpaid "overtime" work completed by the plaintiff and an alleged grand total of "overtime" hours worked by the plaintiff.  See Exhibit "A", ¶¶ 68-69.  However, the chart and alleged total of "overtime" hours submitted by the plaintiff is not sufficient to plausibly suggest that the plaintiff worked in excess of forty hours per week in the weeks implicated by the chart. In addition, the plaintiff's conclusory allegations that he worked "overtime" and even his allegations that he worked on the weekends and received emails outside of working hours do not demonstrate that he allegedly worked this "overtime" during weeks in which he had already worked forty hours.  Id., ¶¶ 37, 40, 50, 68-69.  As the Second Circuit has clearly held, the failure to sufficiently plead that the alleged uncompensated work occurred after forty hours had already been worked in the week "entirely disposes of the FLSA overtime claims."  Lundy, 711 F.3d at 113.  Thus, similar to the plaintiffs in Lundy, Nakahata, and DeJesus, the plaintiff's allegations are insufficient to state a plausible claim for violation of the FLSA and his second cause of action must be dismissed as a matter of law.[2]

---

[2]   To the extent the Court exercises jurisdiction over the plaintiff's state law claims, plaintiff's third cause of action for failure to pay overtime wages in violation of the New York Labor Law fails and must be dismissed for the same reasons.  Lundy, 711 F.3d at 117-18; DeJesus, 726 F.3d at 89 n. 5.

**B.**     <u>Retaliation</u>

Under the FLSA, it is illegal for an employer or person to discharge or discriminate in any way against an employee that has filed a complaint, instituted or caused to be instituted any proceeding alleging a violation of the statute, or testified or is about to testify in such a proceeding.  <u>29 U.S.C. 215(a)(3)</u>.  In order to establish a prima facie case of retaliation under the FLSA, the plaintiff must demonstrate that: (1) he participated in a protected activity known to the defendant; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action.  <u>Torres v. Gristedes Operating Corp.</u>, 628 F.Supp.2d 557, 471 n. 18 (S.D.N.Y. 2008), *quoting*, <u>Mullins v. City of New York</u>, 554 F.Supp.2d 483, 488 (S.D.N.Y 2008).  Even assuming the plaintiff has sufficiently plead the first two elements of his retaliation claim, he fails to pled sufficient facts demonstrating the requisite causal connection.

Initially, the Amended Complaint does not contain sufficient factual allegations to suggest that the decision makers involved in the abolishment of his position, Dr. Camhi and the Board of Education, were aware of his alleged protected activity.  Although the plaintiff alleges that he complained to Dr. Seniuk that he was not being paid for "overtime" work and mentioned he may file a complaint with the Department of Labor, he does not allege that that Dr. Seniuk brought such concerns to the attention of Dr. Camhi or any members of the Board of Education.  Nor does he allege that he complained at any time prior to abolishment of his position to Dr. Camhi or members of the Board of Education about the alleged illegality of the District's failure to compensate him for "overtime" work.  The plaintiff has not sufficiently pled that the decision makers at issue were aware of his alleged protected activity, and thus, his Amended Complaint does not raise any inference of retaliatory animus or causal connection.  <u>Philippeaux v. Fashion Inst. of Tech.</u>, 104 F.3d 356 at * 1 (2d Cir. Dec. 23, 1996); <u>Shah v. Eclipsys Corp.</u>, 2010 WL

2710618 at * 12 (E.D.N.Y. July 7, 2010); <u>Sundaram v. Brookhaven Nat'l. Labs</u>, 424 F.Supp.2d

545, 584 (E.D.N.Y. 2006); <u>Lauren v. Pokoik</u>, 2005 WL 911429 at * 5 (S.D.N.Y. Apr. 18, 2005).

　　In addition, the plaintiff's reliance on the temporal proximity between his alleged

complaint to Dr. Seniuk about the alleged unpaid "overtime" and the abolishment of his position

is misplaced and insufficient to plausibly suggest the requisite causal connection.  The plaintiff

alleges throughout his Amended Complaint that Dr. Camhi harassed him beginning in

September, 2014 and throughout the school year and that she was intent on terminating him as

early as September, 2014.  <u>See</u> Exhibit "A".  ¶¶ 21, 27, 30-34.  Thus, any claim as to temporal

proximity and retaliatory inference is undercut as the plaintiff alleges the intent and plan to

terminate him existed and was in the works well prior to his alleged protected activity.  <u>Baez v.

New York</u>, 629 Fed Appx. 116, 119 (2d Cir. Nov. 2, 2015), *citing*, <u>Slattery v. Swiss Reins. Am.

Corp.</u>, 248 F.3d 87, 95 (2d Cir. 2001).  Furthermore, the plaintiff alleges that Dr. Camhi's

harassment and plan to terminate him began in September, 2014 because of plaintiff's alleged

refusal to cooperate in terminating Redman, not because of his alleged protected activity under

the FLSA.  In doing so, he undermines and forecloses any claim for retaliation based on his

alleged complaints to Dr. Seniuk in or about June, 2015.

　　Accordingly, the plaintiff fails to state a plausible claim for retaliation in violation of the

FLSA and his seventh cause of action must be dismissed as a matter of law.[3]

---

[3]　For the same reasons, the plaintiff fails to state a plausible claim for retaliation in violation of the New York
Labor Law § 215 and, in the event the Court exercises supplemental jurisdiction over the plaintiff's state law claims,
any such retaliation claim must be dismissed as matter of law.

**POINT II:**   **PLAINTIFF FAILS TO STATE A PLAUSIBLE FOURTEENTH AMENDMENT DUE PROCESS CLAIM**

It appears the plaintiff is attempting to assert a Fourteenth Amendment procedural due process[4] claim against the District pursuant § 1983. See Exhibit "A", ¶¶ 101-109. Even assuming the plaintiff has sufficiently pled facts to suggest that his position was abolished in bad faith and amounted to a termination[5], he still fails to state a plausible due process claim against the District. First, a public employee seeking to challenge termination of employment on the theory that he or she was not afforded a pre-termination hearing is required to request the hearing prior to the alleged termination. Dwyer v. Regan, 777 F.2d 825, 833 (2d Cir.1985); Dworkin v. City of New York, 1996 WL 673815 at * 3 (S.D.N.Y. Nov. 20, 1996). The Amended Complaint is utterly devoid of any allegations that the plaintiff made any such request. The plaintiff cannot pursue a claim against the District for not providing the plaintiff a pre-termination hearing on his claim of a bad faith abolishment when he did not protest the elimination of his position, contend it was a pretext for the deprivation of his property right, and demand a pre-termination hearing of any kind. Dwyer, 777 F.2d at 833; Perkowski v. Stratford Bd. of Educ., 455 F.Supp.2d 91, 97 (D. Conn. 2006).

Furthermore, an Article 78 proceeding is a constitutionally sufficient post-deprivation remedy that was available to the plaintiff. However, the plaintiff has deliberately chosen not to avail himself of that remedy. Harris v. Mills, 572 F.3d 66, 76 (2d Cir.2009); Dwyer, 777 F.2d at 834-85; Tessler v. Paterson, 451 Fed Appx 30, 33 (2d Cir. Dec. 19, 2011) (affirming dismissal of

---

[4] It does not appear that the plaintiff is attempting to assert a substantive due process claim, but the District reserves the right to address the deficiencies of any such claim on reply if plaintiff argues in opposition that he has asserted such a claim.

[5] The District does not admit or concede that he has done so or that such allegations in the Amended Complaint are true and accurate.

procedural due process claim where plaintiff did not request pre-termination hearing and Article

78 proceeding provided sufficient due process protections).  In fact, even if plaintiff attempted to

initiate an Article 78 proceeding in his initial Petition, he voluntarily withdrew any such claim

when amending his pleadings.  See Exhibit "A"; Exhibit "B".

As the plaintiff fails to plead that he requested a pre-deprivation hearing or pursued the

available post-deprivation hearing and remedy, he fails to state a plausible procedural due

process claim against the District and his fifth cause of action must be dismissed as a matter of

law.

**POINT III:   PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR
MUNICIPAL LIABILITY UNDER § 1983**

The plaintiff's sixth cause of action attempts to assert a claim for municipal liability

against the District pursuant to § 1983.  However, it is well established that a municipality, such

as the District, cannot be held liable when there is no underlying constitutional violation.  Levy

v. Alfano, 47 F.Supp.2d 488, 498 (S.D.N.Y.1999).  As discussed in more detail above, the

plaintiff has failed to sufficiently plead any underlying constitutional violation, and thus, he fails

to state a plausible claim for municipal liability against the District under § 1983.  Accordingly,

the plaintiff's sixth cause of action should be dismissed as a matter of law.

**POINT IV:   THE STATE LAW CLAIMS MUST BE DISMISSED**

**A.   The Court Should Decline to Exercise Jurisdiction Over the State Law
Claims**

The Court may decline to exercise supplemental jurisdiction if "the district court has

dismissed all claims over which it has original jurisdiction." Cushing v. Moore, 970 F.2d 1103,

1110 (2d Cir. 1992), citing, 28 U.S.C. 1367[c]; Rivera v. City of Yonkers, 470 F.Supp.2d 402

(S.D.N.Y. 2007).  As the Second Circuit held in Cave, when the federal claims are dismissed

12

before trial, the state law claims should be dismissed as well because the New York State Courts

are in the best position to determine state law claims and interpret newly amended state laws.

Cave v. East Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008).  Accordingly, the

Court should decline to exercise supplemental jurisdiction over the plaintiffs' state law claims.

In the event the Court chooses to exercise supplemental jurisdiction, the plaintiff's state law

claims must be dismissed for several reasons.

**B.**     **Failure to File a Timely Notice of Claim**

Pursuant to New York Education Law § 3813 ("§ 3813"), no action can be maintained

against a district, board of education, or officer of a school district or board of education unless a

notice of claim has been presented to the governing body of the school district within three

months of the accrual of such a claim.  N.Y. Educ. Law 3813(1); Biggers v. Brookhaven-

Comsewogue Union Free Sch. Dist., 127 F.Supp.2d 452, 454 (E.D.N.Y. 2001); Moore v. City of

New York, 2010 WL 742981 at * 9-10 (S.D.N.Y. Mar. 2, 2010).  The failure to present a notice

of claim within ninety days of the accrual of the claim is a fatal defect.  Brtalik v. South

Huntington Union Free Sch. Dist., 2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010); Biggers. 127

F.Supp.2d at 455.  New York State law requires a plaintiff to plead in the complaint his or her

compliance with the Notice of Claim requirements.  Hardy v. N.Y.C. Health and Hospital Corp.,

164 F.3d 789, 793 (2d Cir. 1999); Santiago v. Newburgh Enlarged City Sch. Dist., 434

F.Supp.2d 193, 196 (S.D.N.Y. 2006); Stoeztzel v. Wappingers Cent. Sch. Dist., 16 A.D. 643,

643-44 (2d Dept. 1990).

Here, the Amended Complaint does not allege that the plaintiff complied with the notice

of claim requirement.  See Exhibit "A".  In addition, even if plaintiff had pled compliance with

the statutory notice of claim requirements, the Notice of Claim served on the District was not

13

timely.  The plaintiff's position was abolished effective July 2, 2015, yet his Notice of Claim was

not served on the District until October 6, 2015, more than ninety days after the accrual of any

claims.  See Exhibit "C".  The plaintiff's failure to serve the District with his Notice of Claim

within the statutory time period and his failure to plead compliance with the requirements of §

3813(1) is fatal to his state law claims against the District and such claims must be dismissed as a

matter of law.

### C.     Certain Claims are Barred by the Statute of Limitations

The plaintiff's claims pursuant to the Labor Law and Civil Service Law are governed by

a one year statute of limitations.  N.Y. Educ. Law 3813(2-b); Amorosi v. South Colonie

Independent Cent. Sch. Dist., 9 N.Y.3d 367, 371-73 (2007); Santiago, 434 F.Supp.2d at 197.

The instant action was commenced on or about November 2, 2015.  See Exhibit "B".  Therefore,

any and all claims arising prior to November 2, 2014, including any state law claims for alleged

failure to compensate plaintiff for any "overtime" that occurred prior to November 2, 2014,

are untimely and must be dismissed as a matter of law.

### D.     Plaintiff Fails to State a Plausible Claim for Violation of Civil Service Law § 80

The plaintiff's first cause of action seeks to assert a claim for violation of the New York

Civil Service Law § 80 ("§ 80").  More specifically, he claims that the District abolished his

position in bad faith and to hide discriminatory motive, did not place him on preferred eligibility

list for same, similar, or comparable positions that become available, and did not appoint him to

any such same, similar, or comparable positions following the abolishment of his position.  See

Exhibit "A", ¶¶ 78-89.  As an initial matter and as previously discussed, the plaintiff's failure to

plead compliance with the statutory notice of claim requirements and his failure to serve a timely

14

Notice of Claim are fatal to such claims, including but not limited to, his claims that the District abolished his position in bad faith and to hide discriminatory motives.

Pursuant to § 80, an employee displaced by abolishment of his or her position is entitled to be placed on a list from which appointments to positions of the same title will be made. McDermott v. New York State Office of Mental Health, 195 A.D.2d 932, 933 (3d Dept. 1993); Piekielniak v. Axelrod, 92 A.D.2d 968, 970 (3d Dept. 1983). The Amended Complaint is devoid of any allegations that the District had vacancies for or re-created the position of Information Technology Manager at any point since the abolishment of the plaintiff's position in July, 2015. Therefore, he fails to sufficiently plead that the District failed to adhere to a preferred eligibility list and offer him appointment to a position within the same title after his employment ceased as a result of the July, 2015 abolishment.

Accordingly, the plaintiff fails to state a plausible claim for violation of § 80 and his first cause of action must be dismissed as a matter of law.[6]

**E.      Plaintiff Fails to State a Plausible Claim for Violation of New York Labor Law**

The plaintiff's fourth cause of action seeks to assert claims for violations of New York Labor Law §§ 663 and 198(1-a) for failure to pay earned compensation. § 663 provides that an employee may pursue a civil claim against his or her employer for wages believed to be owed by the employer. N.Y. Civ. Serv. L. § 663. § 198(1-a) sets forth the costs and remedies available if

---

[6] The plaintiff does not assert a cause of action or claim for violation of New York Civil Service Law § 81 ("§ 81"). While there is a vague reference to § 81 in Paragraph 80 of the Amended Complaint, it appears that this paragraph is a remnant of a "cut and paste" while drafting and was not specifically intended to be included in the plaintiff's Amended Complaint. See Exhibit "A", ¶ 80. To the extent that the plaintiff articulates in his opposition that he is attempting to assert a claim for violation of § 81, the District reserves the right to address the deficiencies of such a claim in its reply.

an employee prevails on a claim based on the failure to pay wages.  N.Y. Civ. Serv. L. § 198(1-a).

As previously discussed, the plaintiff has failed to sufficiently plead a violation based on the allege failure to compensate him for "overtime" work.  In addition, the Amended Complaint is devoid of any allegations that the District improperly withheld any other earned compensation from the plaintiff.  Accordingly, he fails to state plausible claims for violations of Labor Law §§ 663 and 198(1-a) and his fourth cause of action must be dismissed as matter of law.

### CONCLUSION

For all the foregoing reasons, the defendants, BALDWIN UNION FREE SCHOOL DISTRICT and THE BOARD OF EDUCATION OF THE BALDWIN UNION FREE SCHOOL DISTRICT, respectfully request that their motion be granted in its entirety and that an Order be entered dismissing the plaintiff's Amended Complaint in its entirety and with prejudice.

Dated: White Plains, New York
November 4, 2016

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By _____
Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

TO:     **Via First Class Mail**
Law Offices of Louis D. Stober, Jr. LLC
Attorneys for Plaintiff

16