UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT BOWEN,

                       Plaintiff,                  15-CV-06829 (JMA)(GRB)

- against -

BALDWIN UNION FREE SCHOOL DISTRICT
and THE BOARD OF EDUCATION OF THE
BALDWIN UNION FREE SCHOOL DISTRICT,

                       Defendants.
------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' PARTIAL MOTION TO DISMISS


*Of Counsel: Lewis R. Silverman*
*Caroline B. Lineen*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………1

STANDARD OF FACTS……………………………………………………………………1

    Factual Background……………………………………………………………………1

    Procedural History……………………………………………………………………..4

STANDARD OF REVIEW…………………………………………………………………5

ARGUMENT………………………………………………………………………………..6

    POINT I:    PLAINTIFF FAILS TO STATE PLAUSIBLE
                CLAIMS FOR VIOLATION OF THE FLSA………………………6

    POINT II:   THE STATE LAW CLAIMS MUST BE DISMISSED……………10

        A.    Plaintiff's Notice of Claim was Untimely……………………………10

        B.    Certain Claims are Barred by the Statute of Limitations…………..12

        C.    Plaintiff Fails to State a Plausible Claim for
             Violation of Civil Service Law § 80……………………………….12

        D.    Plaintiff Fails to State a Plausible Claim for
             Failure to Pay Earned Compensation in
             Violation of the Labor Law…………………………………………..13

CONCLUSION……………………………………………………………………………..15

# TABLE OF AUTHORITIES

**Cases**

Amorosi v. South Colonie Independent Cent. Sch. Dist.,
 9 N.Y.3d 367 (2007)..................................................12
Ashcroft v. Iqbal,
 556 U.S. 662 (2009)...................................................5
Bell Atlantic Corp. v. Twombly,
 550 U.S. 544.........................................................5
Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.,
 127 F.Supp.2d 452 (E.D.N.Y. 2001)................................10, 11
Brass v. Am. Film Tech., Inc.,
 987 F.2d 142 (2d Cir. 1993)..........................................5
Brtalik v. South Huntington Union Free Sch. Dist.,
 2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010).............................11
Burns v. Haven Manor Health Care Center LLC,
 2015 WL 1034881 (E.D.N.Y. Mar. 10, 2015).............................9
DeJesus v. HF Management Servs. LLC,
 726 F.3d 85 (2d Cir. 2013)........................................7, 14
Gebhardt v. Allspect, Inc.,
 96 F.Supp.2d 331 (S.D.N.Y. 2000).....................................5
Gregory v. Stewart's Shops Corp.,
 2015 WL 893058 (N.D.N.Y. Mar. 2, 2015)...........................8, 14
Hardy v. N.Y.C. Health and Hospital Corp.,
 164 F.3d 789 (2d Cir. 1999).........................................11
Lundy v. Catholic Health System of Long Island,
 711 F.3d 106 (2d Cir. 2013)..................................6, 10, 14
McDermott v. New York State Office of Mental Health,
 195 A.D.2d 932 (3d Dept. 1993)......................................13
Moore v. City of New York,
 2010 WL 742981 (S.D.N.Y. Mar. 2, 2010)..............................10
Nakahata v. New York-Presbyterian Healthcare Sys. Inc.,
 723 F.3d 192 (2d Cir. 2013)...................................6, 7, 14
Park v. FDM Group (Holdings) PLC,
 2017 WL 946298 (S.D.N.Y. Mar. 9, 2017)...............................9

Piekielniak v. Axelrod,
    92 A.D.2d 968 (3d Dept. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Pretino v. Wolbern,
    84 A.D.2d 830 (2d Dept. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Ramos v. City of New York Fire Dept.,
    2014 WL 2111687 (S.D.N.Y. May 9, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Santiago v. Newburgh Enlarged City Sch. Dist.,
    434 F.Supp.2d 193 (S.D.N.Y. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12
Stoeztzel v. Wappingers Cent. Sch. Dist.,
    16 A.D. 643, 643-44 (2d Dept. 1990) (2d Dept. 1990). . . . . . . . . . . . . . . . . . . . . . 11

**Statutes**

29 U.S.C. § 207(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
N.Y. Civ. Serv. L. § 198(1-a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
N.Y. Civ. Serv. L. § 663. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
N.Y. Educ. Law 3813(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
N.Y. Educ. Law 3813(2-b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## PRELIMINARY STATEMENT

The defendants, Baldwin Union Free School District and the Board of Education of the Baldwin Union Free School District (collectively referred to as "the District"), by and through their attorneys, Silverman & Associates, respectfully submit this Memorandum of Law in support of their partial motion to dismiss the first, second, third, and fourth causes of action in the plaintiff's Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This case arises out of the plaintiff's disappointment and apparent anger regarding the abolishment of his position with the District. As is more fully set forth below, the plaintiff's first, second, third, and fourth causes of action should be dismissed because: (1) plaintiff fails to state plausible claims under the Fair Labor Standards Act ("FLSA"); (2) plaintiff failed to serve a timely notice of claim; (3) certain claims are barred by the applicable statute of limitations; and (4) the plaintiff fails to state plausible claims for violations of the New York Labor Law ("Labor Law") and New York Civil Service Law ("Civil Service Law").

## STANDARD OF FACTS[1]

### Factual Background

The plaintiff was initially hired by the District for the position of Network Specialist in or about February 2002. In or about April 2004, the plaintiff's position was changed to Information Technology Manager. See Exhibit "A", ¶¶ 22-23. The Information Technology Manager position is a competitive Civil Service position that requires a Civil Service examination. Id., ¶ 72.

---

[1] Unless otherwise noted, the facts are taken from the plaintiffs' SAC and assumed to be true for purposes of this motion only.

1

On or about September 9, 2014 the new Superintendent of Schools, Dr. Shari Camhi ("Dr. Camhi"), met with the plaintiff to discuss the performance of subordinates in his department, the District's Technology Department. During this meeting, the plaintiff advised Dr. Camhi of staffing issues in the Department and he also expressed concerns about the skill level of technicians, specifically referencing two technicians by name. According to the plaintiff, when he identified Doreen Redman ("Redman") as one of these technicians, Dr. Camhi stated "is she the black one?" The plaintiff further alleges that Dr. Camhi commented that Redman must be a resident of Baldwin and stated "we will have to be creative in finding a way to get rid of her...they like to sue." See Exhibit "A" ¶¶ 24-30. On September 12, 2014 the plaintiff met with Dr. Camhi again and expressed his feeling that the comments about Redman were inappropriate and said that he would not participate in finding creative ways to terminate Redman. He claims that Dr. Camhi was upset and said "[she would] get done what needs to be done with or without [plaintiff's] cooperation." Id., ¶¶ 32-34.

The plaintiff alleges that after expressing such concerns, he was berated, criticized, and scrutinized. Id., ¶¶ 35-44. In addition, the plaintiff alleges that Dr. Camhi engaged the Nassau Board of Cooperative Educational Services ("BOCES") to perform an audit of the Technology Department to ensure that the issues within the Department were not his fault, despite a BOCES audit being conducted four months earlier. The plaintiff was not provided with the report of this audit and he alleges he was not allowed to respond to any of the issues that may have been identified in this report. Dr. Camhi also allegedly suggested that the plaintiff consider resigning from his position. Id., ¶¶ 46-48, 52-53.

In or about September 2014 Dr. Camhi issued a directive suspending all overtime work for the Department without prior permission even though, according to the plaintiff, overtime work was necessary. The plaintiff claims that Dr. Camhi expected him to work weekends without being compensated and that he received frequent work e-mails outside of working hours. Id., ¶¶ 50-51. During his employment, the plaintiff regularly schedule was a thirty-five hour work week. However, he alleges he also "regularly" worked forty hours per week and in excess of forty hours per week for which he was not compensated, including working before/after his shift, through lunch, on holidays and weekends, and for twenty straight days. He alleges he notified the District of this "overtime" work and complained that it was a violation of the law, but he was not compensated. Id., ¶¶ 64, 77-83.

On July 1, 2015 the Board of Education ("the Board") voted to abolish the plaintiff's position of Information Technology Manager. Id., ¶ 66. The Board also voted to appoint Darren Faccilonga ("Faccilonga") to the position of Director of Instructional Technology and Technology Community Partnerships on July 1, 2015. Id., ¶ 67. Faccilonga's position is a non-competitive position. Id., ¶ 69. In this capacity, Faccilonga is responsible for, among other things: leading the design, development, implementation, communication, and evaluation of technology infused strategic plans and partnerships; participating in advocacy networks to create a technology infrastructure and professional development and instructional programs necessary to support a digital-age education; supervising technology teachers and technology staff; ensuring technology standards for students and computer science coursework is implemented, assessed, and supported by a scope and sequence and curriculum alignments; locating and developing online instruction that supports curriculum standards and research based instruction; and working with educators to identify and implement technology resources to support

3

differentiation and assessment practice that meet the needs of all students. See Exhibit "F" to plaintiff's SAC.

**Procedural History**

On or about October 6, 2015 the plaintiff served a Notice of Claim on the District. Id., ¶ 15; See Exhibit "B". In response, the District, through its legal counsel, noticed an oral examination of the plaintiff pursuant to New York General Municipal Law § 50-h and New York Education Law § 3813 ("50-h examination") for November 13, 2015. The plaintiff requested several adjournments and did not appear for his 50-h examination until February 25, 2016. See Exhibit "A", ¶ 76.

In the interim, on November 2, 2015, the plaintiff filed a Verified Petition ("Petition") in the Supreme Court of the State of New York, Nassau County. As the plaintiff's Petition alleged due process and equal protection violations pursuant to 42 U.S.C. § 1983 ("§ 1983"), the District properly and timely removed the Petition to this Court on December 1, 2015. Docket Entry ("DE") 1. By way of Order dated April 12, 2016, the Court granted plaintiff permission to file an Amended Complaint to address the deficiencies raised in the District's December 7, 2015 request for a pre-motion conference regarding an anticipated motion to dismiss.

On May 3, 2016 the plaintiff filed his Amended Complaint. DE 8. The defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). By way of Report and Recommendation dated August 23, 2017 and Order dated September 14, 2017, the Court dismissed the plaintiff's retaliation claims under FLSA and Labor Law and his due process claim under the Fourteenth Amendment with prejudice, dismissed the claims for unpaid overtime pursuant to the FLSA and Labor Law and the plaintiff's remaining state law claims without prejudice, and denied the motion to dismiss the plaintiff's procedural due process claim pursuant

4

to 42 U.S.C. § 1983 ("§ 1983"). The plaintiff was granted to leave to further amend to address the claims dismissed without prejudice. DE 26 and 31. The plaintiff filed his SAC on September 26, 2017 and in it he asserts claims for violations of the FLSA, Labor Law, Civil Service Law, and a claim for violation of his procedural due process rights in violation of § 1983". See Exhibit "A".

## STANDARD OF REVIEW

It is well-settled that a complaint will be dismissed under 12(b)(6) where it does not contain sufficient allegations of fact to state a clam for relief that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544. 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to make a reasonable inference that the defendant is liable for the alleged misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) In deciding a dismissal on such grounds, the Court is required to accept the material facts alleged in the complaint as true, and to draw all reasonable inferences in the plaintiff's favor. Id. at 678-79. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Unsupported inferences, assumptions, and legal conclusions masquerading as factual conclusions will not be sufficient to prevent a motion to dismiss. Gebhardt v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

# ARGUMENT

## POINT I: PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS FOR VIOLATION OF THE FLSA

Plaintiff alleges that the District violated the FLSA in failing to pay him earned overtime wages. The overtime provision of the FLSA provides that:

> no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

As announced by the Second Circuit in Lundy v. Catholic Health System of Long Island, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 114 (2d Cir. 2013). Therefore, to withstand a motion to dismiss, a plaintiff must plead sufficient facts to demonstrate that he or she worked compensable overtime over and above forty hours in a given work week. Id.; Nakahata v. New York-Presbyterian Healthcare Sys. Inc., 723 F.3d 192, 201 (2d Cir. 2013).

In Lundy, the Second Circuit affirmed the dismissal of plaintiffs' FLSA overtime claims because the plaintiffs failed to allege a work week in which they worked forty hours plus additional uncompensated time. While the plaintiffs alleged that they "typically" missed breaks, "occasionally" worked additional shifts and hours and attended training, these allegations were insufficient to plausibly state that the plaintiffs worked compensable hours over and above forty hours in a work week. The court noted that, theoretically, some of the allegations could conceivably suggest work in excess of the forty hour mark, but it would require speculation, which is insufficient to reach the plausibility standard. Lundy, 711 F.3d 114-15.

6

Shortly after Lundy, the Second Circuit again affirmed the dismissal of FLSA overtime claims based on the plaintiffs' failure to plead sufficient facts to support such claims in Nakahata. There, the plaintiffs, similar to the instant plaintiff, alleged that they "regularly" worked, but were not compensated for, hours in excess of the forty hour work week, including time during meal breaks, during training, and before and after shifts. The Second Circuit held that these allegations were not sufficiently specific. Again, the court emphasized that while the plaintiffs' allegations raised "the possibility that Plaintiffs were undercompensated...absent any allegation that Plaintiffs were scheduled to work forty hours in a given week," the allegations did not give rise to a plausible claim. In affirming the dismissal of the claims for unpaid overtime, the court held that to reach plausibility on such claims, the plaintiffs were required to plead sufficient detail regarding the "length and frequency of their unpaid work." Nakahata, 723 F.3d at 199-201.

Following the rationale of Lundy and Nakahata, the Second Circuit in DeJesus v. HF Management Servs. LLC again affirmed the dismissal of a plaintiff's FLSA overtime claim because plaintiff pled, essentially, nothing more than the language of the statute when she alleged that in some or all weeks she worked more than forty hours without being paid one and half times her rate. DeJesus v. HF Management Servs. LLC, 726 F.3d 85, 89 (2d Cir. 2013). The Second Circuit agreed with the district court that the language "some or all weeks," without an approximation of hours, merely made the claim conceivable, not plausible. In doing so, the court emphasized that plaintiffs seeking to assert unpaid overtime claims should rely on the memory and experience that motivated them to bring the claims in order to sufficiently plead their complaints and that an approximation of the alleged overtime hours may assist in pushing the claim beyond conceivable and to plausible. Id., at 87-89.

7

The district courts in this Circuit have consistently applied the holding of <u>Lundy</u> and its progeny and required plaintiffs to plead sufficient facts and more than threadbare allegations in order to state a plausible claim for unpaid overtime under the FLSA. For example, in <u>Ramos v. City of New York Fire Dept.</u>, the court dismissed plaintiffs' claims for unpaid overtime under the FLSA. The concluded the plaintiffs did not plead allegations suggesting that any plaintiff worked the variety of "off the clock" activities in a week in which they worked more than forty hours and the Second Circuit case law does not permit "pleading by implication." <u>Ramos v. City of New York Fire Dept.</u>, 2014 WL 2111687 at * 5 (S.D.N.Y. May 9, 2014)

In <u>Gregory v. Stewart's Shops Corp.</u>, certain of the plaintiffs' FLSA overtime claims were dismissed because they were not sufficiently pleaded. More specifically, the court dismissed the plaintiffs' claim based on general allegations of unpaid post-shift work related to closing the store, uncompensated shift-change time, work performed during breaks, and work performed while running errands. The court also noted with respect to one plaintiff, the allegation that the plaintiff "regularly" worked overtime was insufficient. In contrast, the court held that allegations that certain plaintiffs worked an identified number of hours in excess of forty hours in a given week reached the level of plausibility. <u>Gregory v. Stewart's Shops Corp.</u>, 2015 WL 893058 at * 2-3 (N.D.N.Y. Mar. 2, 2015)

Further, in <u>Burns v. Haven Manor Health Care Center LLC</u>, the court dismissed plaintiff's FLSA overtime claims after concluding her allegations only made it conceivable that she worked in excess of forty hours in a given week. The court noted that it was conceivable the plaintiff worked hours over the requisite forty-hour mark if all the allegations of work and time keeping practices converged, but the plaintiff's complaint was devoid of any allegation of such convergence. Even with a generous analysis and view of the plaintiff's allegations, the court

8

concluded that the complaint lacked sufficient detail to render it plausible that the plaintiff worked beyond the requisite forty hours in a given week. Burns v. Haven Manor Health Care Center LLC, 2015 WL 1034881 at * 3-5 (E.D.N.Y. Mar. 10, 2015).

More recently, in Park v. FDM Group (Holdings) PLC, the district court dismissed the plaintiff's claims for unpaid overtime after concluding the plaintiff's allegations only invited speculation and did not rise to the level of plausibility. The plaintiff generally alleged that she "regularly" worked over forty hours, "quite frequently" worked on weekends, and did not take a lunch break. The court ruled that "[s]uch scant and imprecise information is insufficient to permit the Court to make a calculation demonstrating that Plaintiff worked more than forty hours in any week..." Park v. FDM Group (Holdings) PLC, 2017 WL 946298 at * 2-4 (S.D.N.Y. Mar. 9, 2017).[2]

Despite the plaintiff's further amendments, the SAC is devoid of sufficient facts to satisfy the Second Circuit's standard. Significantly, the plaintiff fails to plead sufficient factual detail as to the length and frequency of his alleged unpaid overtime work. Rather, the plaintiff only vaguely and generally alleges that in addition to this regularly scheduled thirty-five hour work week, he "regularly worked forty hours per week and also in excess of the forty hours [plaintiff] worked overtime which he was not compensated for." He claims this included "working" before and after his scheduled start and end time, "working" through lunch, on holidays and weekends, and during paid time off, as well as "working" twenty straight days. See Exhibit "A", ¶¶ 77-79.

Simply alleging that he "regularly worked" in excess of forty hours per week is far too vague and conclusory. It is insufficient to render it plausible that the plaintiff in fact engaged in compensable work in excess of forty hours within a given work week. While it is conceivable

---

[2] The case is currently on appeal to the Second Circuit.

9

that performing compensable work before/after his scheduled shift, on the weekends and holidays, or for twenty days straight *could* result in work in excess of forty hours in a work week, that is purely speculatory. The Complaint does not contain even an approximation of the length or frequency of the alleged work in excess of forty hours per week, nor does it even allege that the in the "twenty day straight" period, the plaintiff actually worked forty hours or more in a given week. It is quite possible that the plaintiff could have worked less than forty hours in a week even if he worked every day of the week during that stretch. The same is true with respect to alleged "work" before/after his shift, during lunch, and on days off and holidays. Furthermore, the Complaint does not contain sufficient allegations to link the alleged overtime work to any specific or identifiable task such that it could be possibly determined the plaintiff was engaged in the requisite compensable work at the time.

As the Second Circuit has clearly held, the failure to sufficiently plead that compensable work occurred after forty hours had already been worked in the week "entirely disposes of the FLSA overtime claims." Lundy, 711 F.3d at 113. Thus, similar to the plaintiffs' allegations in Lundy, Nakahata, DeJesus, and the district court cases discussed above, the plaintiff's allegations are insufficient to state a plausible claim for violation of the FLSA and his second cause of action must be dismissed as a matter of law.

### POINT II:   THE STATE LAW CLAIMS MUST BE DISMISSED

#### A.   Plaintiff's Notice of Claim was Untimely

Pursuant to New York Education Law § 3813 ("§ 3813"), no action can be maintained against a district, board of education, or officer of a school district or board of education unless a notice of claim has been presented to the governing body of the school district within three months of the accrual of such a claim. N.Y. Educ. Law 3813(1); Biggers v. Brookhaven-

10

Comsewogue Union Free Sch. Dist., 127 F.Supp.2d 452, 454 (E.D.N.Y. 2001); Moore v. City of New York, 2010 WL 742981 at * 9-10 (S.D.N.Y. Mar. 2, 2010). The failure to present a notice of claim within ninety days of the accrual of the claim is a fatal defect. Brtalik v. South Huntington Union Free Sch. Dist., 2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010); Biggers. 127 F.Supp.2d at 455. New York State law requires a plaintiff to plead in the complaint his or her compliance with the notice of claim requirements. Hardy v. N.Y.C. Health and Hospital Corp., 164 F.3d 789, 793 (2d Cir. 1999); Santiago v. Newburgh Enlarged City Sch. Dist., 434 F.Supp.2d 193, 196 (S.D.N.Y. 2006); Stoeztzel v. Wappingers Cent. Sch. Dist., 16 A.D. 643, 643-44 (2d Dept. 1990).

The Notice of Claim served on the District was not timely. The plaintiff's position was abolished effective July 2, 2015, yet his Notice of Claim was not served on the District until October 6, 2015. Therefore, the Notice of Claim was not served until more than ninety days after the accrual of any possible claims. See Exhibit "B". The plaintiff's failure to serve the District with his Notice of Claim within the statutory time period is fatal to his state law claims against the District and such claims must be dismissed as a matter of law.

The plaintiff's counsel's August 4, 2015 demand letter should not be construed as satisfying the statutory notice of claim requirements. It is clear from the plaintiff's counsel's writing and conduct that the letter was not intended to serve as a notice of claim. Pretino v. Wolbern, 84 A.D.2d 830, 831 (2d Dept. 1981) (affirming dismissal where it did not appear that the correspondence on which plaintiff relied was intended as a notice of claim). Rather, it was a demand letter in an effort to negotiate a severance package. Plaintiff's counsel's e-mails confirm this. Even plaintiff and his counsel did not intend the letter as a notice of claim or relying on it

11

for satisfying the statutory requirements because, if they did, the plaintiff would not have served the Notice of Claim on October 6, 2015.

Even assuming that the plaintiff's counsel's August 4, 2015 correspondence constituted compliance with the statutory notice of claim requirements, it would still be untimely for any alleged state law claims arising outside of the ninety day time frame. More specifically, it would be untimely for any claims arising prior to May 6, 2015, which includes most, if not all, of the plaintiff's claims for unpaid overtime and gap-time in violation of the Labor Law. Accordingly, such claims must be dismissed as a matter of law.

### B.     Certain Claims are Barred by the Statute of Limitations

The plaintiff's claims pursuant to the Labor Law and Civil Service Law are governed by a one year statute of limitations. N.Y. Educ. Law 3813(2-b); Amorosi v. South Colonie Independent Cent. Sch. Dist., 9 N.Y.3d 367, 371-73 (2007); Santiago, 434 F.Supp.2d at 197. The instant action was commenced on or about November 2, 2015. See Exhibit "B". Therefore, any and all claims arising prior to November 2, 2014, including any state law claims for alleged failure to compensate plaintiff for any overtime and gap-time work that occurred prior to November 2, 2014, are untimely and must be dismissed as a matter of law.

### C.     Plaintiff Fails to State a Plausible Claim for Violation of Civil Service Law § 80

The plaintiff's first cause of action seeks to assert a claim for violation of the Civil Service Law § 80. As an initial matter and as previously discussed, the plaintiff's failure to plead compliance with the statutory notice of claim requirements and his failure to serve a timely Notice of Claim are fatal to such claims. In addition, the plaintiff fails to plead sufficient facts to demonstrate violation of § 80.

Pursuant to § 80, an employee displaced by abolishment of his or her position is entitled to be placed on a list from which appointments to positions of the same title will be made. § 80 is strictly interpreted as applying to positions of the same title, not positions that may be similar or comparable in duties. McDermott v. New York State Office of Mental Health, 195 A.D.2d 932, 933 (3d Dept. 1993); Piekielniak v. Axelrod, 92 A.D.2d 968, 970 (3d Dept. 1983). The SAC is devoid of any allegations that the District had vacancies for or re-created the position of Information Technology Manager at any point since the abolishment of the plaintiff's position in July 2015. Here, the plaintiff's former position and Faccilonga's position are clearly positions of different titles. It is worth noting that, the plaintiff himself admits that while his position was a competitive Civil Service position, Faccilonga's position is not. See Exhibit "A", ¶¶ 72, p. 16[3]. Therefore, the plaintiff fails to state a plausible claim for violation of § 80 and his first cause of action must be dismissed as a matter of law.[4]

### D. Plaintiff Fails to State a Plausible Claim for Failure to Pay Earned Compensation in Violation of the Labor Law

The plaintiff's fourth cause of action seeks to assert claims for violations of New York Labor Law §§ 663 and 198(1-a) for failure to pay earned compensation. § 663 provides that an employee may pursue a civil claim against his or her employer for wages believed to be owed by the employer. N.Y. Civ. Serv. L. § 663. § 198(1-a) sets forth the costs and remedies available if

---

[3] The allegations in the SAC appear to be inadvertently numbered incorrectly. The reference to p. 16 refers to ¶ 69 on p. 16.

[4] The plaintiff does not assert a cause of action or claim for violation of Civil Service Law § 81 ("§ 81"). While there is a vague reference to § 81 in Paragraph 90 of the Amended Complaint, it appears that this paragraph is a remnant of a "cut and paste" while drafting and was not specifically intended to be included in the plaintiff's Amended Complaint. The first cause of action clearly states that it is for violation of § 80, and this is confirmed by the plaintiff's Prayer for Relief. To the extent that the plaintiff articulates in his opposition that he is attempting to assert a claim for violation of § 81, the District reserves the right to address the deficiencies of such a claim in its reply.

an employee prevails on a claim based on the failure to pay wages. N.Y. Civ. Serv. L. § 198(1-a).

As previously discussed, the plaintiff has failed to sufficiently plead a violation based on the allege failure to compensate him for "overtime" work.[5] The plaintiff is also unsuccessful in his attempt to assert a claim for unpaid gap-time. Such a claim is one in which an employee has not worked forty hours in a given week, but seeks to recover unpaid time he or she alleges to have worked below the forty hour threshold. Lundy, 711 F.3d at 115; Nakahata, 723 F.3d at 201. Specifically, the plaintiff seeks recovery for the alleged time worked between his regular thirty-five hour work week and the statutory forty hour work week. See Exhibit "A", ¶¶ 110-111.

The plaintiff's SAC is devoid of sufficient factual allegations and detail to satisfy the pleading standards. The plaintiff does not plead a specific or even approximate amount of gap-time tied to identifiable events or tasks. Nor does he plead facts demonstrating or approximating the times, nature, or frequency of the alleged gap-time work. The plaintiff's allegations that he "regularly worked forty hours per week…including before and after scheduled start and end time, working through lunch, on holidays and weekends, during paid time off"[6] is too general and vague to plausibly demonstrate the time and frequency with which he allegedly performed compensable work beyond that of his scheduled thirty-five hour work week. Even the plaintiff's allegation of "working" twenty straight days is insufficient as it does not establish that he worked a full thirty-five hour work week and more in that twenty-day period. Nor does it provide any basis to conclude the alleged "work" was compensable. Such vague and general allegations are

---

[5] The plaintiff's unpaid overtime claim pursuant to the Labor Law, as set forth in the third cause of action must be dismissed for the same reasons as his FLSA claims. Lundy, 711 F.3d at 117-18; DeJesus, 726 F.3d at 89 n. 5.

[6] See Exhibit "A", ¶¶ 77-79.

14

insufficient to state a plausible claim for unpaid gap-time in violation of the Labor Law. Gregory, 2015 WL 893058 at * 4-5.

Accordingly, the plaintiff fails to state plausible claims for violations of Labor Law §§ 663 and 198(1-a) and his fourth cause of action must be dismissed as matter of law.

## CONCLUSION

For all the foregoing reasons, the defendants, BALDWIN UNION FREE SCHOOL DISTRICT and THE BOARD OF EDUCATION OF THE BALDWIN UNION FREE SCHOOL DISTRICT, respectfully request that their motion be granted in its entirety and that an Order be entered dismissing the plaintiff's causes of action pursuant to the FLSA, Labor Law, and Civil Service Law with prejudice.

Dated: White Plains, New York
       January 5, 2018

Respectfully submitted,

SILVERMAN & ASSOCIATES

By: _____
Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

TO:    Law Offices of Louis D. Stober, Jr. LLC
        Attorneys for Plaintiff