UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT BOWEN,

       Plaintiff,     **REPORT &**
               **RECOMMENDATION**
   -against-         CV 15-6829 (JMA) (GRB)

BALDWIN UNION FREE SCHOOL DISTRICT
and the BOARD OF EDUCATION OF THE
BALDWIN UNION FREE SCHOOL DISTRICT,

       Defendants.
----------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

   In this action, plaintiff Robert Bowen has filed a second amended complaint (the "SAC") against Baldwin Union Free School District (the "District") and the Board of Education of the Baldwin Union Free School District (the "Board") (collectively the "defendants"), seeking relief pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207(a)(1); N.Y. Lab. Law ("NYLL") §§ 198(1-a), 663; N.Y. Civ. Serv. Law § 80; and 42 U.S.C. § 1983. The defendants have moved to dismiss, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), plaintiff's FLSA, NYLL and N.Y. Civ. Serv. Law claims. Defendants' motion comes before the undersigned upon referral from the Honorable Joan M. Azrack for report and recommendation. *See* Order dated Nov. 29, 2017. For the reasons set forth herein, it is respectfully recommended that defendants' motion be granted in part and denied in part.

## BACKGROUND

   The background of this case has been detailed at length in the undersigned's previous Report and Recommendation, DE 26 (the "R&R"), familiarity with which is presumed.

1

### I. Second Amended Complaint

The SAC alleges as follows: Plaintiff commenced employment with the District on or about February 4, 2002. ¶ 22, DE 32. From April 2004 through July 1, 2015, plaintiff was the District's Information Technology Manager. *Id.* ¶¶ 23, 66. The Information Technology Manager was a "competitive class position" as contemplated by the New York State Constitution, art. V, § 6. *Id.* ¶ 72.

According to the SAC, plaintiff was scheduled to work Monday through Friday, 8:00 a.m. to 4:00 p.m., with a daily one-hour lunch break, totaling 35 hours per week. *Id.* ¶¶ 77-78. Plaintiff alleges that in addition to his regular schedule, he

> regularly worked 40 hours per week and also in excess of the 40 hours worked overtime which he was not compensated for, including but not limited to . . . working both before and after his scheduled start and end time, working through lunch, on holidays and weekends, during paid time off, and . . . for 20 straight days without a day off.

*Id.* ¶ 79. On September 18, 2014, for example, plaintiff, after having been admonished for leaving work early, explained to District Superintendent Camhi that he "rarely left work before 5:30 p.m." and "around [that] time of year . . . he would often work remotely from home until midnight." *Id.* ¶ 43. Plaintiff also "received frequent emails outside of working hours." *Id.* ¶ 54. At one point, Superintendent Camhi suspended the performance of any overtime within the Technology Department, despite the fact that "there was a need to perform this overtime since 1/3 of the positions in the department were unfilled." *Id.* ¶ 50. Plaintiff alleges that Dr. Seniuk, the Assistant Superintendent for Instruction, confirmed receipt of plaintiff's overtime slips and discussed with him the extra hours he had worked. *Id.* ¶¶ 80-82. Nevertheless, plaintiff never received overtime compensation. *Id.* ¶¶ 54, 64, 80-83.

2

The SAC further details an acrimonious working relationship between Bowen and Superintendent Camhi throughout the 2014-2015 school year. *See, e.g.*, *id.* ¶¶ 43-45, 49-56. At one point, Superintendent Camhi threatened to "slap" plaintiff. *Id.* ¶ 40. She also advised plaintiff's colleagues that she intended to commence disciplinary charges against him. *Id.* ¶ 45. Despite this discord, plaintiff alleges that the District's Technology Department, through his leadership, "had its best school year since the staffing issues began in 2009." *Id.* ¶ 56.

On July 1, 2015, the Board, upon the recommendation of Superintendent Camhi, and without notice to plaintiff, voted to abolish plaintiff's position. *Id.* ¶¶ 66-67; *id.* Ex. E. The following day, Dr. Senuik and Michelle Gallo, the Assistant Superintendent for Human Resources, so informed plaintiff. *Id.* ¶¶ 14, 36, 68. Bowen alleges upon information and belief that the position was not abolished "due to economic reasons . . . [or] an abolition of functions." *Id.* ¶ 70.

In a July 20, 2018 letter, which was sent in response to a Freedom of Information Law request made by plaintiff, the District notified him that "the Board approved a probationary appointment of Darren Faccilonga as Director of Technology & Technology Community Partnerships, effective 8/1/15" at a salary of $142,729. *Id.* Ex. E. According to the SAC, this was a non-competitive position, though Faccilonga performed many of the functions previously performed by plaintiff. *Id.* ¶¶ 69-70.

On August 4, 2015, plaintiff, through his counsel, sent the Board a ten-page letter (the "letter") requesting, *inter alia*, reinstatement and compensation for overtime work he had performed. *Id.* ¶¶ 10-11; *see generally id.* Ex. A. The letter detailed plaintiff's grievances with the District over the course of the 2014-2015 school year, including Superintendent Camhi's purported harassment, the District's failure to properly compensate him and, what was, in

3

plaintiff's opinion, the unlawful abolition of his position. *See generally id.* Ex. A. Though labeled "For Settlement Purposes Only," the letter provides that it was written to "provide . . . a short description of the pertinent facts and an outline of the relevant law so that [the District was] on notice of the claims that [he] intend[ed] to pursue." *Id.* at 1-2.

On September 29, 2015, plaintiff mailed a second letter, captioned "NOTICE OF CLAIM," which the District received on October 1, 2015. *Id.* ¶ 12; *see generally id.* Ex. D.

**II. Procedural History**

On August 23, 2017, the undersigned entered the R&R, which recommended that the District Court dismiss with prejudice plaintiff's cause of action brought directly under the Fourteenth Amendment, as well as its claims of retaliation pursuant to the FLSA and NYLL. *See* R&R dated Aug. 23, 2017. The undersigned further recommended that the District Court dismiss without prejudice plaintiff's claims for unpaid overtime under the FLSA and NYLL; failure to pay earned compensation under NYLL; and violation of N.Y. Civ. Serv. Law § 80. *Id.* Finally, the undersigned recommended that defendants' motion to dismiss plaintiff's § 1983 claim for violation of his procedural due process rights be denied. *Id.* On September 14, 2017, the District Court adopted the R&R in its entirety (the "Adoption Order"), overruling defendants' objections thereto. *See* DE 28 – 31.

On September 26, 2017, plaintiff filed the SAC, which purports to assert causes of action pursuant to § 1983, the FLSA and NYLL for unpaid overtime compensation, NYLL for failure to pay earned compensation, and N.Y. Civ. Serv. Law § 80. *See generally* DE 32. On October 10, 2017, defendants filed a pre-motion conference letter, which indicated their intention to file a motion to dismiss pursuant to Rule 12(b)(6). Judge Azrack referred defendants' pre-motion conference letter, as well as "any resulting motion," to the undersigned for report and

recommendation. *See* Order Referring Motion dated Oct. 20, 2017. On February 9, 2018, defendants filed their fully briefed motion to dismiss. DE 36 – 41.

## DISCUSSION

### I. Standard of Review

Defendants' motion to dismiss pursuant to Rule 12(b)(6) is decided under the well-established standard of review for such matters, as discussed in the undersigned's decision in *Bryant v. Rourke*, No. CV 15-5564 (SJF) (GRB), 2017 WL 1318545, at *2 (E.D.N.Y. Feb. 8, 2017), *adopted by*, 2017 WL 1317009 (E.D.N.Y. Mar. 17, 2017), which discussion is respectfully incorporated by reference herein.

### II. Notice of Claim Requirement

As a threshold question regarding the state law claims, defendants argue that plaintiff failed to comply with the notice of claim requirement under N.Y. Educ. Law § 3813. Specifically, defendants posit that plaintiff did not serve his notice of claim on the Board within 90 days of the accrual date for each state law claim. *See* Defs.' Mem. of Law at 10-12, DE 38. Plaintiff counters that the August 4 letter sent by his counsel to the Board fulfilled the notice of claim requirements, , which letter is attached to the SAC. *See* Pl.'s Mem. of Law at 9-10.

Subsection 1 of section 3813, N.Y. Educ. Law, provides that

> [n]o . . . claim . . . shall be prosecuted or maintained against any school district, [or] board of education . . . unless it shall appear by and as an allegation in the complaint . . . that a verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.

N.Y. Educ. Law § 3813(1); *see Mennella v. Uniondale Union Free Sch. Dist.*, 732 N.Y.S.2d 40 (App. Div. 2d Dep't 2001). "The essential elements to be included in the notice are the nature of

the claim, the time when, the place where and the manner in which the claim arose . . . ." *Parochial Bus Sys., Inc. v. Bd. of Educ. of N.Y.*, 458 N.E.2d 1241, 1245 (N.Y. 1983) (citing *Widger v. Cent. Sch. Dist. No. 1*, 219 N.E.2d 425 (N.Y. 1966)). The New York Court of Appeals has held that "[s]atisfaction of these requirements is a condition precedent to bringing an action against a school district or board of education." *Parochial Bus Sys.*, 458 N.E.2d at 1245 (citing *Bd. of Educ. of Enlarged Ogdensburg City Sch. Dist. v. Wager Constr. Corp.*, 333 N.E.2d 353 (N.Y. 1975)); *see Berkowitz v. East Ramapo Cent. Sch. Dist.*, 932 F. Supp. 2d 513, 527-29 (S.D.N.Y. 2013). "[F]ailure to comply with the statute's specific requirements with regard to timeliness and service on the proper 'governing body,' are recognized as fatal to the pursuit of a claim." *Brtalik v. S. Huntington Union Free Sch. Dist.*, No. CV-10-0010, 2010 WL 3958430, at *4 (E.D.N.Y. Oct. 6, 2010) (citing *Parochial Bus Sys.*, 458 N.E.2d at 1245).

At the same time, state law holds that "where the school district has been sufficiently informed of the claim, all that is required is substantial compliance with the statute regarding the degree of descriptive details in a notice of claim." *Parochial Bus Sys.*, 458 N.E.2d at 1245 (internal citations omitted); *see Mennella*, 732 N.Y.S.2d at 41-42 (citing *In re Morrison v. N.Y.C. Health & Hosps. Corp.*, 664 N.Y.S.2d 342 (App. Div. 2d Dep't 1997)); *DTM Dev., Ltd. v. Yorktown Cent. Sch. Dist.*, No. 65665/2013, 2014 WL 3557290, at *4 (Sup. Ct. Westchester Cty. June 24, 2014) (citing *Murray v. LeRoy Cent. Sch. Dist.*, 491 N.E.2d 1100 (N.Y. 1986)) (finding that plaintiff's unverified letter to the school board satisfied section 3813 as the statute "only requires substantial compliance with respect to matters of form"). A plaintiff may satisfy section 3813 by timely delivering to the governing body a letter describing its claims, "so long as [the letter] 'contains a sufficient degree of descriptive detail.'" *In re Cummings v. Bd. of Educ. of Sharon Springs Cent. Sch. Dist.*, 874 N.Y.S.2d 614, 615 (App. Div. 3d Dep't 2009) (quoting *Pope*

6

*v. Hempstead Union Free Sch. Dist. Bd. of Educ.*, 598 N.Y.S.2d 814 (App. Div. 2d Dep't 1993)); *see Berkowitz*, 932 F. Supp. 2d. at 528 (quoting *Donlon v. Bd. of Educ. of Greece Cent. Sch. Dist.*, No. 06 Civ. 6027(T), 2007 WL 108470, at *3 (W.D.N.Y. Jan. 12, 2007)) (finding plaintiff complied with section 3813 by delivering a letter to the President of the Board of Education which set forth the factual bases for its claims as well as the statutes defendants purportedly violated); *DTM Dev., Ltd.*, 2014 WL 3557290, at *4-5 ("[T]he purpose of the notice of claim requirement was met, since the letter would have given the School District the opportunity to explore the merits of the plaintiff's claim while information relating to the claim was still readily available.")

Bowen's August 4, 2015 letter clearly satisfies the notice of claim requirement set forth in section 3813. Preliminarily, plaintiff has adequately alleged in the SAC that it timely served a notice of claim on the Board, and more than thirty days elapsed between service of the notice and the filing of the instant action. *See* SAC ¶¶ 8-16. As to service, counsel for plaintiff addressed the letter to the attention of the Board, including its President. Defendants do not contest receipt of the letter or suggest that the Board does not constitute a governing body as contemplated by section 3813. *See Berkowitz*, 932 F. Supp. 2d at 529. As to its form and descriptive detail, the letter set forth the factual assertions supporting plaintiff's claims, as well as the statutes under which plaintiff intended to proceed. *See, e.g.*, SAC Ex. A at 9-10 (citing the New York State Constitution and N.Y. Civ. Service Law, among others, as statutes the District violated, and stating plaintiff would "take all necessary steps to preserve [his] rights . . . including . . . filing . . . a claim in Federal or New York State Court"). In fact, the letter contains a level of detail consistent with that contained in the SAC. For example, the letter states that plaintiff believed his position "ha[d] been abolished in retaliation for engaging in protected activities." *Id.* at 2.

Elsewhere in the letter, plaintiff advises that he had informed Dr. Seniuk that he performed overtime work without proper compensation and intended to file a complaint with the Department of Labor. *Id.* at 7.

Defendants argue that section 3813 remains unsatisfied because plaintiff did not intend for the letter to serve as a notice of claim, as demonstrated, in part, by plaintiff's subsequent service of a "Notice of Claim" on October 6, 2015. According to defendants, the letter was an attempt to negotiate a severance package. *See*Defs.' Mem. of Law at 11-12. Irrespective of whether intentis required under the statute, defendants' argument is contradicted by the express terms of the letter, which plainly provide one of the purposes was to put defendants "on notice of the claims that Mr. Bowen intends to pursue if the District fails to reinstate him to his position." SAC Ex. A at 2.

Defendants also cannot find support in *Pretino v. Wolbern*, 444 N.Y.S.2d 190 (App. Div. 2d Dep't 1981), the lone case upon which they rely. The Appellate Division in *Pretino* found that the plaintiff had failed to comply with the service provisions under N.Y. Gen. Mun. § 50. *Id.* As discussed above, Bowen appropriately served the letter on the Board, and included sufficient detail such that defendants were adequately informed of "the nature of the claim, the time when, the place where and the manner in which the claim arose." *Parochial Bus Sys.*, 458 N.E.2d at 1245.

The only issue that remains, then, is whether the letter was timely served as to all of plaintiff's state law claims. Under section 3813, a notice of claim must be served "within three months after the accrual of such claim." N.Y. Civ. Serv. Law § 3813. "It is undisputed that for the purposes of Education Law § 3813, a claim 'accrues' when the damages are ascertainable." *Hoger v. Thomann*, 592 N.Y.S.2d 887, 888 (App. Div. 3d Dep't 1993) (citing *Wager Constr. Corp.*, 333 N.E.2d 353 (N.Y. 1975)). Defendants summarily argue that plaintiff is prohibited

8

from proceeding with any claims that arose prior to May 6, 2015, which would subsume most of his state wage law claims. *See* Defs.' Mem. of Law at 11-12. They fail, however, to provide citation to any case law that supports this position. On the other hand, New York state courts have suggested that the 90-day period is not triggered until the last date on which a plaintiff alleges its claim arose. *See Gaynor v. Town of Hoosick*, 446 N.Y.S.2d 475, 476 (App. Div. 3d Dep't 1981) ("Clearly, the subject notice of claim was not filed within 90 days of the latest date on which plaintiffs alleged their claims arose."); *see also Hill v. N.Y.C. Health & Hosps. Corp.*, 47 N.Y.S.3d 267, 268-69 (App. Div. 1st Dep't 2017) (applying the doctrine of "continuing treatment" in holding that that accrual date for service of the notice of claim under N.Y. Gen. Mun. Law § 50-e was properly delayed); *Hoger*, 592 N.Y.S.2d at 888-89 (finding, under section 3813, that "the extent of plaintiff's damages could not be accurately assessed while the assertedly discriminatory acts were ongoing," thereby delaying accrual for notice of claim purposes). In light of these cases, and the fact that defendants have failed to offer any support for their argument here, the undersigned finds that plaintiff has adequately alleged compliance with section 3813 and respectfully recommends that this portion of defendants motion to dismiss be denied.

### III. Claims for Unpaid Wages

#### a. Overtime

The SAC seeks relief pursuant to the FLSA, 29 U.S.C. § 207(a)(1) and NYLL § 663[1], based upon defendants' alleged failure to compensate plaintiff for the overtime wages he earned.

---

[1] The Second Circuit has held that the plausibility standard required of FLSA overtime claims "appl[ies] equally to . . . NYLL state law claims." *Dejesus*, 726 F.3d at 89 n.5; *see Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289-90 (S.D.N.Y. 2014) (citing *Dejesus*, 726 F.3d at 89 n.5) (dismissing plaintiff's FLSA and NYLL overtime claims under the *Lundy* plausibility standard).

9

The undersigned previously recommended that these claims be dismissed without prejudice due to plaintiff's failure "to aver the total hours typically worked in a week, or his scheduled start time. . . . Wholly absent from the amended complaint [was] any allegation that plaintiff actually performed work for 40 hours in a week." *See* R&R at 9 (citations and quotation marks omitted). Defendants argue that plaintiff's overtime allegations remain deficient because he "fails to plead sufficient factual detail as to the length and frequency of his alleged unpaid overtime work." Defs.' Mem. of Law at 9.

> As the undersigned observed in this action:
>
> [Section] 207(a)(1) of the FLSA prohibits an employer from "employ[ing] any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek, as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. Thus, a plaintiff must allege "that [he] actually performed work for 40 hours in a week, *and then* work of some amount over 40 hours for which they were not compensated." *Ramos v. City of New York*, No. 13 Civ. 9225(KBF), 2014 WL 2111687, at *3 (S.D.N.Y. May 9, 2014) (emphasis added); *see Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 357-58 (E.D.N.Y. 2014) (finding plaintiff plausibly alleged FLSA overtime claim as she "allege[d] that she regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week"). Assessing the plausibility of an FLSA overtime claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679); *see Yu v. Knighted LLC*, No. 15-CV-9340 (KMK), 2017 WL 666118, at *8 (S.D.N.Y. Feb. 16, 2017) (quoting *Lundy*, 711 F.3d at 114); *Ramos*, 2014 WL 2111687, at *3.
>
> In a trio of 2013 cases, the Second Circuit expounded the pleading requirement for these claims. First, in *Lundy*, the Second Circuit affirmed the district court's dismissal of plaintiffs' overtime claims "because [p]laintiffs [did] not allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Lundy*, 711 F.3d at 114. Two of the three plaintiffs alleged that they "typically" or "occasionally" performed duties beyond their scheduled shifts, but failed to identify a week in which such resulted in either performing more than 40 hours of work without overtime compensation. *Id.* at 114-15 ("[Plaintiff] 'occasionally' worked an additional . . . or slightly longer

10

> shift, but . . . [plaintiff] does not say that she was denied overtime pay in any such particular week." (internal citation omitted)). Rather, in tallying the total alleged uncompensated work, the court found that, at most, plaintiffs worked 39.5 hours in a week, just short of the statutory minimum. *Id.* Thus, the claims "failed because of arithmetic." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (detailing the court's decision in *Lundy*).
>
> Similarly, the court in *Nakahata v. New York-Presbyterian Healthcare Sys.* held that plaintiffs' overtime claims failed because absent from the complaint was any allegation that plaintiffs "were scheduled to work forty hours in a given week." 723 F.3d 192, 201 (2d Cir. 2013). Though plaintiffs alleged general performance of overtime work, they failed to satisfy the initial step. *Id.* at 200-01. Finally, in *Dejesus*, the court disposed of plaintiff's overtime claim as the complaint "was devoid of any numbers to consider beyond those plucked from the statute" and provided "no more than [a] rephrasing [of] the FLSA's formulation specifically set forth in Section 207(a)(1)." 726 F.3d at 89.

R&R at 7-8 (footnote omitted). *Dejesus* "makes clear that *Lundy* did not impose a requirement of unforgiving mathematical rigor, so long as the plaintiff blends enough specific facts . . . to make plausible the existence of at least one given work week of more than forty hours." *Anjum v. J.C. Penny Co.*, No. 13 CV 0460(RJD)(RER), 2014 WL 5090018, at *17 (E.D.N.Y. Oct. 9, 2014); *see Burns v. Haven Health Care Ctr., LLC*, No. 13-CV-5610 (DLI)(CLP), 2015 WL 1034881, at *3 (E.D.N.Y Mar. 10, 2015) (quoting *Dejesus*, 726 F.3d at 90) ("[P]laintiffs are not required to keep careful records and plead their hours with mathematical precision." (internal quotation marks omitted)).

Plaintiff has provided sufficient support to allow the Court to infer his entitlement to overtime. As an initial matter, plaintiff pleads that he "worked a regular work week of 35-hours per week." Compl. ¶ 77. More precisely, he regularly was scheduled to work from 8:00 a.m. to 4:00 p.m., with a one-hour lunch break. *Id.* ¶ 78. Plaintiff alleges that he often worked remotely until midnight during the early part of the school year, and that overtime work was necessitated by the limited number of employees and unfulfilled vacancies within the Technology Department. *Id.* ¶¶ 43, 50. Because plaintiff worked from 8:00 a.m. to 4:00 p.m.five days per week, working

11

until midnight on a single occasion would warrant recovery for three hours of overtime. While the exact nature of the work performed after his regular schedule is not entirely clear, plaintiff does provide an example that he "received frequent emails outside of working hours." *Id.* ¶ 54. Plaintiff also alleges that he worked both before and after his regular schedule, through lunch, and on holidays and weekends. *Id.* ¶ 79. Taken together, these facts alleged, without the need for undue speculation, "could have converged at least once in a single given week to push [plaintiff's] total hours" worked to over 40. *Anjum*, 2014 WL 5090018, at *17. Therefore, the undersigned respectfully recommends that defendants' motion to dismiss plaintiff's overtime claims be denied.

### b. *Unpaid Earned Compensation*

Plaintiff seeks recovery of allegedly unpaid, earned compensation, or gap-time, pursuant to NYLL §§ 198(1-a), 663. Section 663 of NYLL permits recovery for any employee who is paid "less than the wage to which he or she is entitled." NYLL § 663(1). The Second Circuit has expressed its approval of a claim for gap-time pursuant to § 663(1). *See Nakahta*, 723 F.3d at 202 (noting that "a gap-time claim would be consistent with the language of NYLL § 663(1)"); *Lundy*, 711 F.3d at 118 (same); *Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016) (citing *Gregory v. Stewart's Shops Corp.*, No. 7:14–cv–00033, 2015 WL 893058, at *4 (N.D.N.Y. Mar. 2, 2015)) (concluding that New York state law "allow[s] 'gap time claims' in which an employee seeks to be paid her regular hourly rate for previously uncompensated time"). A gap-time claim differs from an overtime claim in that it "requires no predicate showing of minimum hours worked; rather, allegation of hours worked without compensation may give rise to a gap-time claim." *Nakahta*, 723 F.3d at 202; *see Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC) (RER), 2018 WL 1513628, at *9-10 (E.D.N.Y. Mar. 29,

2018) (quoting *Lundy*, 711 F.3d at 115); *Werst v. Sarar USA Inc.*, No. 17-CV-2181 (VSB), 2018 WL 1399343, at *7 (S.D.N.Y. Mar. 16, 2018) (quoting *Nakahta*, 723 F.3d at 202).

Clearly, plaintiff has stated a gap-time claim under NYLL. Plaintiff alleges that he only was compensated for 35 hours of work per week. Compl. ¶¶ 77-79. To the extent plaintiff has plausibly alleged his entitlement to overtime compensation, he also has pleaded his right to recover straight time compensation for work performed in excess of 35 hours, but totaling 40 or less hours in a particular week. Accordingly, the undersigned respectfully recommends that defendants' motion to dismiss plaintiff's NYLL gap-time claim be denied.

### IV. Civil Service Law Section 80

Plaintiff challenges the abolition of his position as a violation of N.Y. Civ. Serv. Law § 80. Defendants move to dismiss this claim as a result of plaintiff's failure to allege that the District hired someone in the "same or similar position" that plaintiff occupied. *See* Defs.' Mem. of Law at 12-13.

"'[A] public employer may, in the absence of bad faith, collusion or fraud, abolish positions for purposes of economy or efficiency.'" *Cohen v. Crown Point Centr. Sch. Dist.*, 761 N.Y.S.2d 384, 386 (App. Div. 3d Dep't 2003) (quoting *In re Mucci v. City of Binghamton*, 664 N.Y.S.2d 396 (App. Div. 3d Dep't 1997)); *see* N.Y. Civ. Serv. Law § 80. To withstand a motion to dismiss, an employee challenging the abolition of its position under section 80 must plausibly allege "that the employer did not act in good faith in abolishing the position." *Hritz-Seifts v. Town of Poughkeepsie*, 803 N.Y.S.2d 656, 657 (App. Div. 2d Dep't 2005) (citing *In re Rose v. City of Newburgh*, 658 N.Y.S.2d 986 (App. Div. 2d Dep't 1997)); *see Cutler v. Town of Mamakating*, 26 N.Y.S.3d 409, 410-11 (App. Div. 3d Dep't 2016) (citing *In re Lamb v. Town of Esopus*, 827 N.Y.S.2d 307 (App. Div. 3d Dep't 2006)). A plaintiff may discharge this burden

through pleadings that "eliminate bona fide reasons for the elimination of her position, show that no savings were accomplished or that someone was hired to replace her." *Cohen*, 761 N.Y.S.2d at 386 (quotation marks omitted). As to the hiring of a replacement employee, some courts have demanded an identity in titles between the abolished and replacement positions, *see In re McDermott v. N.Y.S. Office of Mental Health*, 601 N.Y.S.2d 34, 34 (App. Div. 3d Dep't 1993) (citing *In re Crow v. Ambach*, 465 N.Y.S.2d 71 (App. Div. 3d Dep't 1983)); *see In re Piekielniak v. Axelrod*, 460 N.Y.S.2d 836, 836 (App. Div. 3d Dep't 1983) (adopting the Department of Civil Service's interpretation of "same or similar positions" in section 80 as requiring positions of the same title), whereas others simply require allegations that the "[replacement] performed substantially the same duties as the discharged employee." *Rosenthal v. Gilroy*, 617 N.Y.S.2d 509, 510 (App. Div. 2d Dep't 1994) (citing *In re Vasquez v. Town Bd. Of Town of Waterford*, 422 N.Y.S.2d 142 (App. Div. 3d Dep't 1979)). Moreover, allegations of ongoing animosity directed toward a plaintiff may help establish that the position was abolished in bad faith. *See Cutler*, 26 N.Y.S.3d at 410; *Rosenthal*, 617 N.Y.S.2d at 510.

Defendants' support for dismissal of the section 80 claim is grounded solely in the fact that Faccilonga's title is different from what plaintiff's had been. *See* Defs.' Mem. of Law at 12-13 (citing *McDermott*, 601 N.Y.S.2d at 34; *Piekielniak*, 460 N.Y.S.2d at 836). Congruity in titles is but one of several ways a plaintiff can support a claim of bad faith. *See Cohen*, 761 N.Y.S.2d at 386. A large portion of the SAC recounts Superintendent Camhi's alleged harassment of Bowen throughout the 2014-2015 school year. In fact, the SAC claims that Superintendent Camhi recommended that the Board abolish plaintiff's position shortly after the school year concluded. *See* SAC Ex. E. Finally, plaintiff pleads that the District hired a replacement employee at a salary "substantially greater" than what he had received, supporting the notion that

14

the District did not benefit economically from the abolition. *See id.* ¶ 71. Accordingly, the undersigned respectfully recommends that defendants' motion to dismiss the section 80 claim be denied.[2]

### V. Statute of Limitations

Defendants argue that, based upon the applicable statute of limitations, plaintiff's state law claims should be dismissed to the extent they seek recompense for violations that arose before November 2, 2014. Defendants are correct.

Subsection 2-b of section 3813 provides that "no action . . . shall be commenced against any [school district or board of education] more than one year after the cause of action arose." N.Y. Educ. Law § 3813(2-b); *see Harris v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 230 F. Supp. 3d 88, 97 (E.D.N.Y. 2017) (citing *Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 210–11 (E.D.N.Y. 2014)). "The cause of action for . . . NYLL claims accrues on the next regular payday following the work period when services are rendered." *Nakahata*,723 F.3d at 198-99; *see Addison v. Reitman Blacktop Inc.*, 283 F.R.D. 74, 81 (E.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006)) ("Courts have held that for the purposes of establishing the statute of limitations under [NYLL], a new cause of action accrues with each payday following an allegedly unlawful pay period."); *see also Acosta v. Yale Club of N.Y.C.*, No. 94 CIV. 0888(KTD), 1995 WL 600873, at *3 (S.D.N.Y. 1995) ("Plaintiffs' allegations of FLSA claims involve a series of repeated

---

[2] In his memorandum of law, plaintiff references N.Y. Civ. Serv. Law § 81 in support of his section 80 claim. However, the SAC does not contain any cause of action thereunder. To the extent plaintiff seeks to add a section 81 claim through his memorandum of law, the undersigned respectfully recommends that said attempt be rejected. *See Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)) ("A plaintiff, however, is not permitted to interpose new factual allegations or a new legal theory in opposing a motion to dismiss . . . .")

violations, each giving rise to a new cause of action, and each beginning a new limitations period as to that particular event."). The New York Court of Appeals has held that the one-year limitations period provided in section 3813 governs non-tort claims against school districts. *See Reg'l Econ. Cmty. Action Program, Inc. v. Enlarged City Sch. Dist. of Middletown*, 964 N.E.2d 396, 398-99 (N.Y. 2012).

Plaintiff commenced this action by the filing of a petition in state court on November 2, 2015. Therefore all claims accruing on or before November 2, 2014 are time-barred. Any of plaintiff's wage claims arising under state law that accrued before November 2, 2014 are untimely. Thus, the undersigned respectfully recommends that the Court dismiss plaintiff's state law claims to the extent they arose before November 2, 2014.

## CONCLUSION

In light of the foregoing, the undersigned respectfully recommends as follows:

1. Defendants' motion to dismiss plaintiff's claims for unpaid overtime pursuant to the FLSA and NYLL be denied;

2. Defendants' motion to dismiss plaintiff's gap-time claim pursuant to NYLL §§ 198(1-a), 663 be denied;

3. Defendants' motion to dismiss plaintiff's N.Y. Civ. Serv. Law § 80 claim be denied; and

4. Defendants' motion to dismiss plaintiff's state law claims accruing before November 2, 2014 be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed with the representatives of each party. Any written objections to the Report and Recommendation must be

filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
August 31, 2018

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge

17